```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO

ALLAN RAMOS SOTO,              *
                               *     CIVIL NO.
     Plaintiff,                *
                               *     RE: EMPLOYMENT RIGHTS
     v.                        *
                               *
SYNOVOS PUERTO RICO, LLC,      *     PLAINTIFF DEMANDS
                               *     TRIAL BY JURY
     Defendant.                *
*******************************
```

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and respectfully alleges, states and requests, as follows:

## I. INTRODUCTION

1.1 The plaintiff **Allan Ramos Soto** ("**Ramos**" or "Plaintiff") brings this complaint against his former employer, the defendant **Synovos Puerto Rico, LLC** ("**Synovos**" or "Defendant), claiming compensatory relief for age discrimination in the workplace, pursuant to the Age Discrimination in Employment Act of 1967 (ADEA).

1.2 **Ramos** also brings this Complaint for age discrimination and wrongful discharge under local laws.

1.3 Plaintiff demands trial by jury.

## II. JURISDICTION

2.1 This Honorable Court has subject matter jurisdiction to allow this suit pursuant to 28 U.S.C. §1331. This action is authorized pursuant to 29 U.S.C. §626.

1

2.2   This Honorable Court has personal jurisdiction over this civil action because the employment practices and other acts alleged to be unlawful were committed and the damages were suffered by Plaintiff within the jurisdiction of the United States District Court, District of Puerto Rico.

2.3   Furthermore, pursuant to 42 U.S.C. §1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by Plaintiff, pursuant to Law No. 100 of June 30, 1959 (29 L.P.R.A. §§ 146 *et. seq.*; henceforth "Act 100") and Law No. 80 of May 30, 1976 (29 L.P.R.A. §§ 185a *et. seq.*; henceforth "Act 80"), since they are so related to the aforestated federal claim that they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

2.4   On September 1, 2017, Plaintiff filed timely charges of employment discrimination with the Anti-Discrimination Unit of the Equal Employment Opportunity Commission. On June 14, 2018, said commission issued and sent the right-to-sue notice to Plaintiff, which he received on July 2, 2018.

### III. THE PARTIES

3.1   **Ramos** is a resident of the State of Florida and citizen of the United States of America. Plaintiff was born on May 12, 1963, and is presently 55 years old.

3.2   At all times relevant herein **Ramos** was an employee, within the meaning of the applicable statutes, and was in an age group protected by such statutes.

3.3  At all times relevant herein, **Synovos** was a provider of technology-driven, comprehensive supply chain management services, asset services and technology, with its principal place of business in Puerto Rico; and it was authorized to conduct, as it did conduct, such business in the Commonwealth of Puerto Rico.

3.4 At all times relevant herein, **Synovos** was an employer, within the meaning of the applicable statues, which had more than 500 employees and was engaged in an industry affecting interstate commerce.

## IV. FACTUAL ALLEGATIONS

4.1  On February 4, 2014, **Ramos** began to work for **Synovos**, as Site Manager II, at its company Abbvie, in Barceloneta, Puerto Rico. Plaintiff occupied that position up to July 31, 2015, when he was promoted to Site Manager III. On August 1, 2015, **Synovos** transferred him to its company Pfizer, in the same municipality.

4.2  Since August or September 2016, **Ramos** requested to be transitioned into a work-from-home position, but **Synovos** always gave him the excuse that no such position was available. However, **Synovos** afforded work-from-home positions to other younger employees during the same time period that Plaintiff's application for such position was denied.

4.3  On November 7, 2016, **Synovos** appointed Mr. Kim Clements ("Clements") as Director of Pfizer Enterprise Operations. As such, Clements became **Ramos**' direct supervisor while he performed his duties as Site Manager III, in Pfizer.

4.4  On February 14, 2017, Clements started telling **Ramos** that he needed to find another job, close to his family, in Orlando, Florida.

4.5  In April of 2017, Clements began making demeaning and belittling comments about **Ramos**' work performance, without any valid justification. Clements did not make such type of comments to younger employees.

4.6  On April 14, 2017, **Synovos** denied **Ramos** the salary increase that he deserved.

4.7  On July 26, 2017, **Synovos** expressed to **Ramos** that he would cease to be an employee in Pfizer, effective that same day, without articulating any reason to justify such decision.

4.8  On that same July 26, instead of outright discharging **Ramos**, **Synovos** offered him two options: (a) a severance payment, in exchange for executing an agreement releasing Defendant of all claims; or (b)employment, as Buyer III, at another of Defendant's company, in Davie, Florida, with a substantially lower salary ($13,000 less annually than his salary at the time). Since both options were unreasonable, Plaintiff declined not to accept either of them and Defendant terminated his employment.

4.9  **Synovos** replaced **Ramos** in the post of Site Manager III with Ms. Maika Zuazaga, a younger person of lesser qualifications and with less experience than he had.

4.10 **Synovos** discriminated against **Ramos** in his employment by reason of his age. **Synovos** treated **Ramos** less favorably than younger employees who were similarly situated. He was not provided

with the same conditions, opportunities and privileges of employment afforded to these younger employees. **Ramos** was also treated differently from younger employees because of the disparate way by which he was discharged. His termination was unjustified and arbitrary and constituted an act of discrimination on the basis of his age.

V. CAUSES OF ACTION

**First Cause of Action:**

    5.1  The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

    5.2  This First Cause of Action arises under ADEA, 29 U.S.C. §626(c).

    5.3  **Synovos** discharged and otherwise unlawfully discriminated against **Ramos** with respect to his terms, conditions and privileges of employment because of his age, in violation of 29 U.S.C. §623(a).

    5.4  Defendant's unlawful discharge of Plaintiff caused him to sustain a loss of earnings. Defendant is, thus, liable to Plaintiff for back pay.

    5.5  Since the Defendant unlawfully discharged Plaintiff, he is entitled to be reinstated in his employment, pursuant to 29 U.S.C. §626(b).

    5.6  Pursuant to 29 U.S.C. §626(b), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.S. §1920, Plaintiff is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE**, **Ramos** demands that Judgment be entered in his favor and against **Synovos**: commanding the latter to reinstate him in his employment; granting him back pay, in an amount which at this time is estimated to be no less than **SIXTY-ONE THOUSAND NINE HUNDRED SEVENTY-FIVE DOLLARS ($61,975.00);** awarding him a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**Second Cause of Action:**

5.7   The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

5.8   This Second of Action arises under Act 100, 29 L.P.R.A. §146.

5.9   **Synovos** discharged and otherwise unlawfully discriminated against **Ramos** with respect to the compensation, terms, categories, conditions and privileges of his employment by reason of his age, in violation of 29 L.P.R.A. §146.

5.10  As a direct result of **Synovos**' unlawful employment practices, **Ramos** suffered, is suffering and will continue to suffer severe mental, psychological, moral and emotional pain, anguish and distress.

5.11  **Synovos** unlawful discharge of **Ramos** caused him to sustain a loss of earnings. Defendant is, thus, liable to Plaintiff for back pay.

5.12 On the basis of the foregoing, **Ramos** is entitled to receive a full, just and fair compensation for the aforestated mental damages and loss of earnings which, pursuant to 29 L.P.R.A. §146, consists in the twofold amount of the actual damages suffered by him.

5.13 Since **Synovos** unlawfully discharged **Ramos**, he is entitled to be reinstated in his employment, pursuant to 29 L.P.R.A. §146.

5.14 Pursuant to Rule 44 of the Puerto Rico Rules of Civil Procedure, Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE, Ramos** demands that Judgment be entered in his favor and against **Synovos:** commanding the latter to reinstate Plaintiff in his employment; granting him back pay, in an amount which at this time is estimated to be no less than SIXTY-ONE THOUSAND NINE HUNDRED SEVENTY-FIVE DOLLARS ($61,975.00); awarding him compensation for mental damages in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00); doubling such amounts for a total of **FOUR HUNDRED AND TWENTY-THREE THOUSAND NINE HUNDRED AND FIFTY DOLLARS ($423,950.00);** awarding him a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**Third Cause of Action:**

5.15 The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

5.16 This Third of Action arises under Act 80, 29 L.P.R.A. §185a *et. seq.*

5.17 **Synovos** discharged **Ramos** from his employment without just cause, in violation of 29 L.P.R.A. §185b. Consequently, Plaintiff is entitled to receive from Defendant the salary and additional compensation provided by 29 L.P.R.A. §185a.

5.18 Pursuant to 29 L.P.R.A. § 185k, Rule 44 of the Puerto Rico Rules of Civil Procedure, Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to an award for the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE, Ramos** demands that Judgment be entered in his favor and against **Synovos:** granting him the statutory severance pay; awarding him a reasonable amount for attorney's fees, the costs of this action and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of Plaintiff and against Defendant:

a. granting Plaintiff all the sums and remedies requested in this Complaint;

b. imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit;

c. awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorneys' fees; and

d. granting Plaintiff any other relief that he may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 27th day of August, 2018.

*S/José F. Quetglas-Jordán*
USDC-PR #203411

**QUETGLAS LAW FIRM, P.S.C.**
1353, Luis Vigoreaux Ave.
PMB 657
Guaynabo, PR 00966
Tel:(787) 406-8915
Email:
jfquetglas@gmail.com;
quetglaslawpsc@gmail.com