IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALLAN RAMOS SOTO,<br><br>Plaintiff<br><br>vs.<br><br>SYNOVOS PUERTO RICO, LLC.<br><br>Defendants | Civil No. 18-1603 (ADC) |

### MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW defendant SYNOVOS PUERTO RICO, LLC (hereinafter "Synovos Puerto Rico"), by and through its undersigned counsel, and very respectfully requests the dismissal of all claims set forth in the Complaint for the following reasons:

#### I.    INTRODUCTION

On August 27, 2018, plaintiff Allan Ramos (hereinafter, "plaintiff" or "Ramos"), filed a complaint alleging Synovos Puerto Rico discriminated against him because of his age, in violation of the *Age Discrimination in Employment Act of 1967*, 29 USC §§ 621 *et seq*. (hereinafter, "ADEA"). Ramos invoked this Court's jurisdiction based on the federal question statute. The plaintiff also raised supplemental claims pursuant to Puerto Rico Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146 *et seq*. ("Law 100"); and Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a *et seq*.

Synovos Puerto Rico moves for disposition of plaintiff's claims under Fed. R. Civ. P 12(b)(6) because, even accepting as true the well-pleaded factual averments in the complaint, and drawing all reasonable inferences therefrom in favor of Ramos, he fails to state a claim under the

ADEA. Although plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter, "EEOC") on September 1, 2017, that filing was made solely against Synovos, Inc., an entity which is separate and distinct from the appearing defendant, Synovos Puerto Rico. A review of the EEOC filing shows that plaintiff did not include Synovos Puerto Rico, LLC, as a party. Therefore, plaintiff is not entitled to any judicial relief against Synovos Puerto Rico because he failed to exhaust administrative remedies with the EEOC within the time period prescribed by 42 U.S.C. sec. 2000e-5.

Moreover, since the filing of an administrative charge against Synovos Inc. did not toll the one-year limitations period for the causes of action under Puerto Rico Laws 80 and 100 against Synovos Puerto Rico, Ramos' supplemental claims are time-barred.

## II. DISCUSSION

**A. Applicable standard under Fed. R. Civ. P. 12(b)(6).**

"Pursuant to Rule 12(b)(6), a complaint should be dismissed when a plaintiff does not 'state a claim to relief that is plausible on its face.'" Boroian v. Mueller, 616 F.3d 60, 64 (1st Cir. 2010); Colón-Andino v. Toledo-Dávila, 634 F. Supp.2d 220, 229 (D.P.R. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A claim is plausible on its face when "the complaint alleges enough facts 'to raise a right to relief above the speculative level.'" Ocasio-Hernández v. Fortuño-Burset, 640 F. 3d 1, 8 (1st Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss under Rule 12(b)(6) the court must "accept all well pleaded factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. . . ." Colón-Andino, 634 F. Supp.2d at 229 (quoting Iqbal, 556 U.S. at 678). However, "when evaluating the complaint's allegations" in connection with a Rule 12(b)(6) motion, a "[c]ourt need not credit . . . 'bald assertions and unsupportable conclusions' [or] legal conclusion[s] couched as

2

a factual allegation.'" Colón-Andino, 634 F. Supp.2d at 229 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Twombly, 550 U.S. at 570).

In sum, the court must follow two basic principles when reviewing a motion to dismiss: "(1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense." Sayan-Resto v. Berrios, 933 F.Supp. 2d 252, 262 (D.P.R. 2013) (citing Iqbal, 556 U.S. at 678). When "applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Omnicare, Inc. v. Laborers Dist. Council, 135 S. Ct. 1318, 1332 (2015) (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts have also held that, "[i]n an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." In re Colonial Mortgage, 324 F.3d 12, 16 (1st Cir. 2003). An appropriate case is one in which two conditions are met. First, "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." Id.; Blackstone Realty L.L.C. v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001). This sometimes includes documents referred to in the complaint but not annexed to it. See Coyne v. Cronin, 386 F.3d 280, 285–86 (1st Cir.2004). Second, "the facts so gleaned must conclusively establish the affirmative defense." In re Colonial Mortgage, 324 F.3d at 16; see also

3

Blackstone Realty L.L.C., 244 F.3d at 197; Greene v. State of R.I., 398 F.3d 45, 48-49 (1st Cir. 2005). Therefore, as a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude. In re Colonial Mortg. Bankers, 324 F.3d at 16; Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004).

It is firmly established that this Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). Indeed, the First Circuit has specifically noted that "a court may look to matters of public record in deciding a Rule (12)(b)(6) motion without converting the motion into one for summary judgment." Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000); see also Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993), and Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2nd Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes.").

In light of the above standards, and for the reasons discussed below, the complaint fails to state a cognizable ADEA claim (or any other claim, for that matter), that would confer jurisdiction to this Court, inasmuch as plaintiff did not exhaust the required administrative procedures prior to filing this complaint under the ADEA, and because his claims under Puerto Rico Laws 80 and 100 are time-barred.

**B. The plaintiff failed to exhaust the required administrative remedies in the EEOC and/or the Puerto Rico Antidiscrimination Unit as to Synovos Puerto Rico.**

4

The doctrine of exhaustion of administrative remedies is well established in federal and local case law. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. González v. Ritz Carlton Hotel Co., 241 F. Supp. 2d 142, 144 (D.P.R. 2003). Before an employee may bring suit for a Title VII or ADEA claim in federal court, he or she must first exhaust administrative remedies by filing an administrative charge with the EEOC. 42 U.S.C. § 2000e–5(f); 29 C.F.R. § 1626.6; Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008) (citing Love v. Pullman Co., 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). In deferral jurisdictions, such as Puerto Rico, a person asserting an ADEA claim must file an administrative charge of discrimination with the EEOC and/or the Anti-Discrimination Unit (hereinafter, "ADU") within 300 days of the alleged unlawful employment action as an initial step for gaining access to the courts. 42 U.S.C. sec. 2000e-5(b), (e), (f)(1); see also, EEOC v. Commercial Office Products, 486 U.S. 107, 109-125 (1988); Mohasco Corp. v. Silver, 447 U.S. 807, 814, n. 16 (1980). "[F]ailure to exhaust th[e] administrative process bars the courthouse door." Velazquez–Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011). The administrative exhaustion requirement "initiate[s] EEOC investigation" and provides an opportunity for early resolution of an employee's claim. Powers v. Grinnell Corp., 915 F.2d 34, 38–39 (1st Cir.1990); Velazquez–Ortiz, 657 F.3d at 71. "The purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." Miller International v. Telegraph Corp., 755 F.2d 20, 25-26 (2nd Cir. 1985).

**The ADEA specifically provides that a charge made at the EEOC should contain the name and address of the person against whom the charge is made.** 29 C.F.R. §§

1626.8(b) and 1626.6. **In accordance with this principle, a party who is not named in an EEOC administrative charge is not subject to suit under Title VII or ADEA**. See 42 U.S.C. § 2000e–5(f); McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir.1996); Gonzalez v. Ritz Carlton Hotel Co. of P.R., 241 F.Supp.2d 142, 145 (D.P.R.2003); Adorno–Rosado v. Wackenhut Puerto Rico, Inc., 98 F.Supp.2d 181 (D.P.R.2000). On this front, it is important to underscore that the Supreme Court has warned that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp., 447 U.S. at 826.

Although the plaintiff in this case filed a charge with the EEOC on September 1, 2017, **he did not include Synovos Puerto Rico as a party, although he knew this was the entity that had employed him and not Synovos, Inc.** A review of the charge plaintiff filed with the EEOC shows, in the attachment reciting the particulars of his claim, that Ramos stated that he "began to work for Synovos Puerto Rico, LLC ("Synovos") as Site Manager II". (A copy of the charge filed by the plaintiff with the EEOC on September 1, 2017, is attached as **Exhibit A**).[1] Thus, plaintiff clearly knew who his employer was but still filed the charge against a different entity. This omission is inexcusable because plaintiff evidently knew that an entity named Synovos Puerto Rico, LLC existed and that such company, based in Puerto Rico, was his actual employer. Nevertheless, Ramos chose to name only Synovos, Inc. as a party in the EEOC charge. And he never exercised the opportunity provided by 29 C.F.R. § 1626.8 to amend and/or clarify the charge.

---

[1] The EEOC charge is fairly incorporated into the complaint and can be evaluated by the Court in deciding a Rule (12)(b)(6) motion without converting it into one for summary judgment." Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).  At any rate, this Court has held that "[a] plaintiff's administrative charge filed with the EEOC or the ADU may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice." Cintrón-García v. Supermercados Econo, 818 F.Supp.2d 500, 506 (D.P.R. 2011); Maldonado–Cordero v. AT&T, 73 F.Supp.2d 177, 185 (D.P.R.1999) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986)).

This Court can take judicial notice of the fact that Synovos Puerto Rico and Synovos Inc. are separate and distinct entities. The Corporate Registry of the Puerto Rico Department of State shows that Synovos Puerto Rico is a foreign limited liability company, with record number 1281. Its resident agent is Cristina Piñero-Aranda, and its physical and mailing address is A 11 Calle Granada Reparto Alhambra, Bayamón, Puerto Rico 00957.[2] **Conversely, no entity named Synovos, Inc. appears in the aforesaid Registry**. However, a search on the publicly available Corporate Registry of the Pennsylvania Department of State shows that Synovos, Inc. is a Pennsylvania corporation, with company number 2726914. Its President is Carlos Tellez, and its address 2 Radnor Corporate Center, Radnor PA 19087-4514.[3]

Plaintiff's failure to include Synovos Puerto Rico as a party in the EEOC charge fatally forecloses any relief under the ADEA. This is because he did not exhaust administrative remedies against Synovos Puerto Rico. And, under the relevant statute, he had 300 days to do so, counted from the date of the alleged unlawful employment action, 42 U.S.C. sec. 2000e-5(b), (f)(1), which in this case is July 26, 2017 according to the allegations in the Complaint. See Docket No. 1 at p. 4, ¶ 4.7; see also Exhibit A at 1 (Dates discrimination took place-Latest). The 300-day period elapsed on or around May 22, 2018. But Ramos did not amend the charge and/or otherwise

---

[2] Available at https://prcorpfiling.f1hst.com/CorpInfo/CorporationInfo.aspx?c=1281-1512. This Court has taken judicial notice of information obtained from the Puerto Rico Department of State's Corporate Registry. Rivera-Nazario v. Corporación para el Fondo del Seguro del Estado, Civil No. 14–1533(JAG), 2015 WL 5254417, at *5 n. 4; see also García-Gonzalez v. Puig-Morales, Civil No. 10-1462 (DRD), 2012 WL 12995768 (taking judicial notice of the information included in the internet site of the Registry of Contracts of the Puerto Rico Office of the Comptroller as to the contracts executed by the central government and municipal entities); Total Petroleum v. Torres-Caraballo, 672 F. Supp. 2d 252, 256 (D.P.R. 2009) (taking judicial notice of trademark registrations); Gargano v. Police Department, 476 F.Supp.2d 39, 41 (D. Mass. 2007) (on motion to dismiss for failure to state claim, court was entitled to take judicial notice, as matter of public record, of official records of state registry of motor vehicles pertaining to status of driver's license).

[3] Available at https://www.corporations.pa.gov/search/corpsearch. The Court can also take judicial notice of this information for the same reasons set forth in the cases cited at footnote 2, supra.

presented a claim against Synovos Puerto Rico with the EEOC within that time frame. **A right to sue letter was issued on June 14, 2018** *only with regard to Synovos, Inc*.

In sum, the plaintiff is not entitled to any judicial relief against Synovos Puerto Rico because he failed to exhaust the appropriate administrative remedies with the EEOC within the time period prescribed by 42 U.S.C. sec. 2000e-5. For this reason, plaintiff's complaint against Synovos Puerto Rico under the ADEA must be dismissed under Fed. R. Civ. P. 12 (b)(6).

### C. Plaintiff's supplemental claims under Laws 80 and 100 are time-barred

According to the complaint, the plaintiff was dismissed on July 26, 2017. See Docket No. 1 at p. 4, ¶ 4.7. And this is also the date the last act of purported discrimination took place according to the EEOC charge. See Exhibit A at 1 (Dates discrimination took place-Latest). Plaintiff filed a charge of discrimination with the EEOC **against Synovos, Inc**.—a corporation separate and distinct from Synovos Puerto Rico—on September 1, 2017.  The complaint makes no reference to service or notification of any extrajudicial claim addressed to Synovos Puerto Rico between July 26, 2017 and the filing of this Complaint on August 27, 2018. **That is, more than a year transpired between the plaintiff's dismissal and the filing of the complaint, without any intervening extrajudicial claim addressed to Synovos Puerto Rico**. Consequently, Ramos' supplemental claims against Synovos Puerto Rico are time-barred and must also be dismissed.

The statute of limitations for causes of action under Puerto Rico Laws 80 and 100 is one year.[4] This Court has ruled that the filing of a claim with the ADU or the EEOC constitutes an extrajudicial claim for purposes of Title VII and Law 100. Reyes- Ortiz v. McConnell Valdes, 714

---

[4] See Article 9 of Law 80, as amended by Law 4-2017, 29 L.P.R.A. § 185*l*; Article 5 of Law 100, 29 L.P.R.A. § 150. Further, the Supreme Court of Puerto Rico has held that the one-year statute of limitations in Article 1868 of the Puerto Rico Civil Code applies to Law 100 claims. Landrau–Romero v. Banco Popular de P.R., 212 F.3d 607, 615 (1st Cir. 2000) ("Law 100… has a statute of limitations of one year.").

F. Supp. 2d 230, 232 (D.P.R. 2010); Leon–Nogueras v. University of Puerto Rico, 964 F.Supp. 585, 587–88 (D.P.R.1997)). However, as interpreted by the Supreme Court of Puerto Rico, **for an administrative charge before the ADU or the EEOC to toll the statute of limitations for a cause of action under Title VII or Law 100**, **each particular defendant needs to have been notified of the filing of the administrative complaint**. See Leon–Nogueras, 964 F.Supp. at 588; see also Huertas–Gonzalez v. University of Puerto Rico, 520 F.Supp.2d 304, 317–18 (D.P.R.2007). "The principal distinction between [the filing of a complaint and an extrajudicial claim] is that the filing of a complaint in court will toll the running of the statute of limitations even if the complaint is not notified to the defendant, while an extrajudicial claim *must* be notified to the defendant if it is to have a tolling effect." Id. (emphasis in original). In this respect, the First Circuit has summarized the applicable Puerto Rico doctrine as follows:

> [A]n extrajudicial claim does in fact include virtually any demand formulated by the creditor. The only limitations are that the claim must be made by the holder of the substantive right (or his legal representative), ..., *it must be addressed to the debtor or passive subject of the right, not to a third party,* ..., and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit.

Reyes-Ortiz, 714 F. Supp. 2d at 233, citing Rodriguez Narvaez v. Nazario, 895 F.2d 38, 44 (1st Cir.1990) (emphasis in original). Therefore, "[u]nlike filing a lawsuit, the mere filing of an administrative charge is insufficient to toll the running of a statute of limitations even for causes of action under employment discrimination laws. Because an administrative charge operates as an extrajudicial claim, it must be personally notified to the defendant if it is to have a tolling effect." Reyes-Ortiz, 714 F. Supp. 2d at 233; Leon–Nogueras, 964 F. Supp. at 589. **The mere inclusion of the individual defendants' names in plaintiff's addendum to the administrative charge, which relates the alleged discriminatory events, does not suffice for an extrajudicial claim**

9

**where "the debtor or passive subject of the right" did not personally receive notice**. Reyes-Ortiz, 714 F. Supp. at 233; Rodriguez Narvaez, 895 F.2d at 44.

Here, the allegations in the complaint, the information gleaned from documents incorporated by reference into the complaint, and facts susceptible to judicial notice unmistakably show that Synovos Puerto Rico was not named as a party in the EEOC charge and was not notified of the filing thereof. The charge of discrimination, the *Notice of Charge* and the *Right to Sue Letter* do not even contain a reference to the mailing or physical address of Synovos Puerto Rico, or to the names of any of its officers. All these three documents are addressed only to Synovos, Inc., a Pennsylvania corporation separate and distinct from Synovos Puerto Rico. Thus, the filing of the EEOC charge against this separate entity did not toll the statute of limitations as to Synovos Puerto Rico. Accordingly, since no tolling event is alleged in the complaint, the claims brought by Ramos on August 27, 2018 under Law 100—more than a year after July 26, 2017—must be dismissed as time-barred.

Finally, Ramos' claim under Law 80 is also untimely. The Puerto Rico Supreme Court recently held that the filing of a charge with the ADU or EEOC can serve as an extrajudicial claim to toll the limitations period of a Law 80 cause of action. Díaz-Santiago v. International Textiles, 195 D.P.R. 862 (2016). But it did so by extending and applying to Law 80 claims the same analysis that it had employed regarding Law 100 claims. Id., at 875-877. Specifically, the Court held in Díaz-Santiago that the

> ***notification to the employer*** of the filing of a charge of discrimination before the ADU will have the effect of interrupting the limitations period of a claim of unjust dismissal under Law 80, if the notification complies with all the requirements of a valid extrajudicial claim, to wit: (1) timeliness (the claim was made within the limitations period); (2) if it was made by a person with standing; (3) it was made through suitable means; (4) whether the rights claims were identical to the rights affected by the limitations period.

Id., at 875-876. (Translation ours).

In short, since under Law 100 an EEOC charge must be notified to the actual defendant in order to toll the statutes of limitations, the same analysis applies now to claims under Law 80. Thus, plaintiff's failure to notify the EEOC charge to Synovos Puerto Rico prevented such filing from tolling the one-year statute of limitations. Consequently, Ramos' claim under Law 80 is time-barred and must be dismissed.

WHEREFORE, Synovos respectfully requests the Court to GRANT this motion and dismiss all claims against Synovos Puerto Rico **with prejudice**.

CERTIFICATE OF SERVICE: I hereby certify that on this same date, I electronically filed this motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the CM/ECF participants including Plaintiff's Attorney: José F. Quetglas-Jordán, jfquetglas@gmail.com; quetglaslawpsc@gmail.com.

In San Juan, Puerto Rico, this 4th day of January, 2019.

        **SANABRIA BAUERMEISTER GARCIA & BERIO LLC**
        Attorneys for Defenant
        Corporate Center, Suite 202
        33 Calle Resolución
        San Juan, PR 00920
        PO Box 363068
        San Juan, PR 00936-3068
        http://www.sbgblaw.com
        Tel. 787-300-3200

*By:*

        *s/Jaime L. Sanabria Montañez*
        Jaime L. Sanabria Montañez
        USDC-PR- No. 225307
        jsanabria@sbgblaw.com

        *s/Luis R. Román Negrón*
        Luis R. Román-Negrón
        USDC-PR 225001
        lroman@sbgblaw.com