IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **ALLAN RAMOS SOTO,** | * | |
| | * | **CIVIL NO. 18-1603 (ADC)** |
| Plaintiff, | * | |
| | * | **RE: EMPLOYMENT RIGHTS** |
| v. | * | |
| | * | |
| **SYNOVOS PUERTO RICO, LLC,** | * | **PLAINTIFF DEMANDS** |
| | * | **TRIAL BY JURY** |
| Defendant. | * | |

******************************************

## PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE COURT**:

**COMES NOW** the plaintiff Allan Ramos-Soto ("Ramos" or "Plaintiff"), by and through the undersigned attorney, and respectfully requests that the Motion to Dismiss (Docket No. 9; henceforth "MTD") filed by the defendant Synovos Puerto Rico, LLC ("Synovos PR" or "Defendant"), be denied for the reasons stated below.

### I. BRIEF RELEVANT BACKGROUND

Synovos PR, is a wholly owned subsidiary of Synovos, Inc. The latter was originally founded in 1987 as Storeroom Solutions and is based in Radnor, Pennsylvania. In 2008, Synovos Inc., established operations in Puerto Rico as Storeroom Solutions Puerto Rico, LLC, which provided a full range of integrated supply chain, asset and technology services to its clients in the island. *See,* Exhibit 1 - Copy of About Us in Synovos Web Page.[1] "Storeroom Solutions Puerto Rico, LLC … changed its name in 2016 to Synovos [PR] <u>and</u> Synovos, Inc." (emphasis supplied). <u>Valentin Reyes v. Synovos, Inc.,</u> 2018 WL 4958967, at *1 (D.P.R. 2018).

---

[1] Found at https://synovos.com/about-us/.

On February 4, 2014, Ramos started working for Synovos PR, then known as Storeroom Solutions Puerto Rico, LLC. Throughout Plaintiff's employment tenure with Defendant, Synovos, Inc., had Ramos in its payroll and paid his salary for the work he performed for Synovos PR; and, on at least two occasions, Synovos, Inc., trained him on the duties of his position at its facilities in Radnor. Ramos' direct supervisor, Mr. Kim Clements, resided in Texas and reported to the corporate offices of Synovos, Inc. The Human Resources Office that oversaw the relations between Synovos PR and its employees was located in Synovos, Inc., in Randor. *Id.* On July 26, 2017, Synovos PR discharged Ramos from his employment. *See,* Exhibit 2.

On September 1, 2017, Ramos filed timely charges of employment discrimination with the Anti-Discrimination Unit of the Puerto Rico Department of Labor ("ADU") and the Equal Employment Opportunity Commission ("EEOC"). *See,* Exhibit 3. Plaintiff identified Synovos, Inc., in the "name of employer" section of his ADU/EEOC Charge and specified that he worked for Synovos PR in the Narrative section of such charge. See, Exhibit 2. On June 14, 2018, the EEOC issued and sent the right-to-sue notice to Plaintiff, which he received on July 2, 2018. *See,* Docket No. 1, ¶ 4.8. On August 27, 2018, Ramos filed the Complaint against Synovos PR, in the case of caption.

## II. ARGUMENT

Synovos PR asserts that all the claims that Ramos brought against it should be dismissed for lack of subject matter jurisdiction because Plaintiff supposedly failed to exhaust administrative remedies with the EEOC prior to bringing suit. This defect, according to Defendant, results from Ramos' alleged failure to include Synovos PR in his formal charge of discrimination with the EEOC. Because the EEOC charge was purportedly made solely against Synovos, Inc., an entity which is "separate and

distinct" from Synovos PR, Defendant concludes, Plaintiff cannot bring suit against the latter now in federal court. Defendant is mistaken.

Ramos, as demonstrated below, exhausted the required administrative remedies in the EEOC prior to bringing his ADEA claim against Synovos PR; and, his pendent claims under Acts 80 and 100 are not time-barred.

**A.     Ramos Exhausted the Required Administrative Remedies in the EEOC Prior to Bringing Suit Against Synovos**

It is well-settled that before an employee may bring suit against his employer for an ADEA claim in federal court, he must first exhaust administrative remedies by filing an administrative charge with the EEOC. 42 U.S.C. § 2000e–5(f); 29 C.F.R. § 1626.6. *Miranda v. Deloitte LLP*, 922 F. Supp. 2d 210, 221 (D.P.R. 2013) (citing *Franceschi v. U.S. Dep't of Veterans Affairs,* 514 F.3d 81, 85 (1st Cir.2008)) (citing *Love v. Pullman Co.,* 404 U.S. 522, 523 (1972)).

In the case of caption, Synovos PR would have this Court believe that it is immune from suit simply because Ramos' EEOC charge did not contain its name, even though the narrative did. This Court rejected precisely that same argument in the case of *Miranda v. Deloitte LLP*, *supra*. The defendants therein argued that since all of them were not listed on certain EEOC preliminary forms, the administrative charge was entirely devoid of their names, even thou the plaintiff named all of them in her narrative. The Court was unpersuaded by that argument and found that "[f]iled as part of the administrative charge, the Narrative is a written factual statement that should have alerted the employer and all parties named in it of the pending proceedings and investigation." 922 F. Supp. 2d, at 222 (citing *Thornton v. United Parcel Serv., Inc.,* 587

3

F.3d 27, 32 (1st Cir.2009); <u>Gonzalez v. Ritz Carlton Hotel Co., of Puerto Rico</u>, 241 F.Supp.2d 142, 145 (D.P.R. 2003)).

This Court also reached a similar conclusion in <u>Lopez-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diocesis de Mayaguez</u>, 245 F. Supp. 3d 360 (D.P.R. 2017). The employee therein did not list the employer's executive director in the "name of employer" section of the EEOC Charge. Notwithstanding, this Court found that the employee's mention of the executive director in the narrative section of the charge was sufficient to put the latter on notice of the ADEA claim and, consequently, determined that the employee exhausted the administrative remedies with respect to such claim against executive director.

The forgoing opinions of this Court in the cases of <u>Miranda</u> and <u>Lopez-Rosario</u> are controlling and dispositive herein, where Ramos specifically indicated in the narrative of his EEOC Charge that he worked for Synovos PR. Accordingly, Ramos properly exhausted his administrative remedies regarding Synovos PR prior to filing suit in this Court.

Even assuming, *in arguendo*, that Synovos PR was not named in the administrative charge, as explained below, the parties before the ADU/EEOC and this Court share a substantial identity.

The general rule is that a party who is not named in an EEOC charge is not subject to suit under the ADEA. <u>Gonzalez v. Ritz Carlton Hotel Co. of Puerto Rico</u>, 241 F. Supp. 2d 142, 145 (D.P.R. 2003). But as is the case with most general rules, there are exceptions. <u>McKinnon v Kwong Wah Restaurant</u>, 83 F.3d 498, 504 (1st Cir. 1996). For instance, under the "identity of interests" exception, a party may file suit against a defendant who was not originally named in the administrative filing if there is a clear

4

identity of interest between the named and unnamed defendant." <u>Burnett v. Ocean Properties Ltd.</u>, 2017 WL 1331134, at *7 (D. Me. 2017). "Two entities share a substantial identity when they are so closely related, particularly for purposes of EEOC complaints, that notice to one will reach the other and no prejudice will result from naming one party but not the other." <u>Nieves v. Popular, Inc.</u>, 2013 WL 361163, at *2 (D.P.R. 2013). That is exactly the case here.

Synovos PR and Synovos, Inc., are integrated entities or a single employer. See, <u>Valentin Reyes</u>, 2018 WL 4958967, at *1. In fact, the Human Resources Office of Synovos PR was located in Synovos, Inc. And, Ramos' direct supervisor reported to the corporate offices of Synovos, Inc. Moreover, Synovos PR represented to Ramos that its relationship with him was through Synovos, Inc. Ramos knew he was in the payroll of Synovos, Inc., and he received his paycheck directly from such entity for the work he performed for Synovos PR in the island. Synovos Inc also trained Ramos on the duties of his position.

More importantly, Synovos PR does not -- and cannot -- argue that it did not receive notice of Ramos' ADU/EEOC charges. Neither does it claim -- and, again, cannot claim -- that, because the correct party was not named initially, it was unable to participate in the ADU/EEOC or this Court proceedings. Therefore, Synovos PR did not suffer any prejudice by the alleged error. In view thereof, it can only be concluded that Synovos PR received fair notice related to the ADU/EEOC charges and that, therefore, Ramos exhausted the administrative remedies as to it. Consequently, subject matter jurisdiction is proper and Ramos may maintain his civil action against Synovos PR.

## B. Ramos' Pendent Claims Under Acts 80 and 100 Are Not Time-barred

The statute of limitations for claims under Acts 80 and 100 is one year. 29 L.P.R.A. § 185l (Act 80); 29 L.P.R.A. § 150 (Act 100); *see, also,* Landrau–Romero v. Banco Popular De P.R., 212 F.3d 607, 615 (1st Cir.2000); Díaz-Santiago v. International Textiles, 195 D.P.R. 862 (2016).

A cause of action under Act 100 (or Act 80) accrues on the date that the employee becomes aware of the adverse personnel action either through notification by the employer or the effectuation of the decision. *Vargas v. Fuller Brush Co. of Puerto Rico,* 336 F. Supp. 2d 134, 143 (D.P.R. 2004). The filing of a charge with the EEOC or the ADU constitutes an extrajudicial claim. *Reyes-Ortiz v. McConnell Valdes*, 714 F. Supp. 2d 230, 232 (D.P.R. 2010); *Leon–Nogueras v. University of Puerto Rico*, 964 F. Supp. 585, 587–88 (D.P.R.1997). Because an administrative charge operates as an extrajudicial claim, it must be personally notified to the defendant if it is to have a tolling effect. *Leon-Nogueras,* 964 F. Supp., at 589. Once the plaintiff has filed the claim and notified the defendant of its filing, the one-year prescriptive period is suspended throughout the duration of the administrative proceedings and until the defendant is notified of the agency's decision. 29 L.P.R.A. § 150; *see, also, Delgado Graulau v. Pegasus Commc'ns of Puerto Rico,* 130 F. Supp. 2d 320, 334 (D.P.R. 2001).

Herein, Synovos PR's last discriminatory act based on age against Ramos was his dismissal on July 26, 2017; hence, Plaintiff's claim accrued on this date. On September 1, 2017, Plaintiff filed timely charges of employment discrimination with the ADU and the EEOC, identifying Synovos, Inc., and naming Synovos PR as his employers. Synovos PR and Synovos, Inc., as shown above, are integrated entities or a single employer. Synovos PR, therefore, personally received notice of the ADU/EEOC charges against it.

On June 14, 2018, the EEOC issued its right-to-sue notice to Plaintiff and served copy thereof upon Defendant. Because that date is less than one year before August 27, 2018, the date of the filing the Complaint, Ramos's Act 80 and 100 claims are not barred by the statute of limitations as a matter of law.

**WHEREFORE**, Plaintiff respectfully requests this Court to deny the MTD.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 7th day of February, 2019.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant's counsel of record.

*S/José F. Quetglas-Jordán*
USDC-PR #203411

**QUETGLAS LAW FIRM, P.S.C.**
1353, Luis Vigoreaux Ave.
PMB 657
Guaynabo, PR 00966
Tel:(787) 406-8915
Email: jfquetglas@gmail.com;
quetglaslawpsc@gmail.com