THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALLAN RAMOS SOTO,
        Plaintiff,


        v.                                             Civil No. 18-1603 (ADC)


SYNOVOS PUERTO RICO, LLC.,
        Defendant.

---

## OPINION AND ORDER

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2018, plaintiff Allan Ramos-Soto ("Ramos" or "plaintiff") filed a complaint

alleging, in essence, that defendant Synovos Puerto Rico, LLC, ("defendant") terminated his

employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §

623(a), and Puerto Rico law. **ECF No. 1**. Specifically, Ramos alleged that: (i) Synovos dismissed

him on July 26, 2017; (ii) Ramos filed a charge of age discrimination before the Equal

Employment Opportunity Commission ("EEOC") on September 1, 2017; and (iii) the EEOC

"issued and sent the right-to-sue notice to plaintiff, which he received on July 2, 2018." *Id*. at 2.

On January 4, 2019, defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**ECF No. 9**. According to defendant, even though Ramos filed his EEOC charge as alleged in his

complaint, plaintiff filed it solely against Synovos, Inc., an entity which defendant asserts is a

separate and distinct entity from the appearing defendant--Synovos Puerto Rico, LLC. *Id*. at 2.

As such, defendant asserts that Ramos fails to state a plausible claim against defendant pursuant

to Fed. R. Civ. P. 12(b)(6) "because he failed to exhaust the appropriate administrative remedies with the EEOC within the time period prescribed by 42 U.S.C. sec. 2000e-5" against his employer, Synovos P.R., LLC. *Id*. at 8.

Ramos opposed defendant's motion to dismiss. **ECF No. 14**. In essence, plaintiff avers that he exhausted the required administrative remedies as to defendant because even though defendant did not include Synovos Puerto Rico, LLC, in the initial form or header of the EEOC charge, plaintiff made express references to Synovos Puerto Rico, LLC, in the body of the narrative section of the charge. *Id*; *see* narrative at **ECF No. 14-2**. In support of his contention, plaintiff cites *Miranda v. Deloitte LLP*, 922 F.Supp.2d 210, 221 (D.P.R. 2013) and *López-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diócesis de Mayagüez*, 245 F. Supp.3d 360 (D.P.R. 2017). In those cases, other Judges in this District have held that "[f]iled as part of the administrative charge, the [n]arrative is a written factual statement that should have alerted the employer and all parties named in it of the pending proceedings and investigation." *Miranda*, 922 F. Supp. 2d at 222; *López-Rosario*, 245 F. Supp.3d at 369.

Ramos further alleges that "even assuming, *in arguendo*, that Synovos PR was not named in the administrative charge, . . . the parties before the [ ]EEOC and this Court [Synovos PR, LLC, and Synovos, Inc.] share a substantial identity." **ECF No. 14** at 4. Plaintiff contends that "[t]wo entities share a substantial identity when they are so closely related, particularly for purposes of EEOC complaints, that notice to one will reach the other and no prejudice will result from naming one party but not the other." *Id*. at 5 (quoting *Nieves v. Popular, Inc.*, 2013 WL

361163, at *2 (D.P.R. 2013) (not reported in F. Supp.2d)). In support of his opposition to defendant's motion to dismiss, Ramos included a declaration under penalty of perjury asserting that Synovos, Inc., paid plaintiff's salary and provided him training on at least two occasions in its Radnor, Pennsylvania corporate offices, from where Synovos, Inc., allegedly oversaw all human resources matters regarding Synovos Puerto Rico LLC's employees, including Ramos. **ECF No. 14-2** at 2.

In short, Ramos contends that his EEOC charge where Synovos, Inc. is named in the header of the EEOC charge and Synovos PR, LLC, is named in the narrative part of the charge properly placed both entities on notice and exhausted administrative remedies regarding Ramos's claim in this case. **ECF No. 14**. Defendant filed a reply to plaintiff's opposition, averring as follows:

> The incorrect premise that underlies Ramos' argument is that he properly notified his discrimination charge to Synovos, Inc. A perusal of the complaint shows that it is devoid of allegations regarding the proceedings before the EEOC, the purported notification of the charge to Synovos, Inc., and of any effort by Ramos to exhaust administrative remedies against Synovos Puerto Rico . . . Plaintiff has not alleged— much less established— that the charge was properly notified to Synovos, Inc. **(Exhibit B-Charge of Discrimination)**. The publicly available *Notice of Charge of Discrimination* shows that the charge was sent to the email of a former employee of Synovos Inc., Ms. Nancy Mazzone, who had already left the company by the date of the EEOC filing. **(Exhibit C- Notice of Charge of Discrimination)**. **It is very revealing that Ramos has not produced a copy of the** *Notice* **or otherwise referred to it.** Ramos has not even alleged that said email was received by Ms. Mazzone or elaborate on how Synovos, Inc. became aware of the process before the EEOC. For instance, Ramos does not allege that he received a response from Synovos, Inc., that the *Notice* was also mailed to a valid physical address, or that Synovos, Inc. filed a position statement before the EEOC or otherwise participated in the administrative process. Plaintiff cannot make those allegations for a very simple

reason: the EEOC record shows that Synovos, Inc. did not participate in the administrative proceedings. And if the *Notice* was not sent to any other address at Synovos, Inc.—which appears to be the case, based on Plaintiff's failure to allege otherwise—then there was no way for Synovos, Inc. to become aware of Ramos' EEOC charge prior to the *Notice of Right to Sue*, which was mailed by the EEOC to a physical address at Synovos, Inc. in June 2018. Hence, the premise on which Plaintiff's "identity of interests" argument rests—that Synovos Inc.'s knowledge of the EEOC proceedings somehow put Synovos Puerto Rico on notice of that process—lacks any foundation in fact or in law.

**ECF No. 16** at 4, 5 (emphasis in the original).

## II.    LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, courts "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Id*. (citation and internal quotation marks omitted). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action" and "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (additional citations and internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

Additionally, "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (alteration in original) (citation and internal quotation marks omitted). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Id.* (citation and internal quotation marks omitted).

The ADEA requires as a prerequisite to suit in federal court that an individual first file an administrative claim with the EEOC "within 180 days after the alleged unlawful practice occurred," or, in some cases, "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d). *See Bonilla v. Muebles J.J. Álvarez, Inc.*, 194 F.3d 275, 277–78 (1st Cir. 1999). Furthermore, pursuant to 42 U.S.C. § 2000e–5(f), "a plaintiff generally may not maintain a suit against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance." *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 504 (1st Cir. 1996).

An exception exists, however, when there is a "substantial identity" between a party named in the EEOC charges and a defendant in the civil action. *McKinnon*, 83 F.3d at 505. The First Circuit Court of Appeals has cited a Third Circuit case for the proposition that "in determining if a plaintiff may proceed against parties not named before EEOC, the court should consider whether the plaintiff could ascertain the role of the unnamed party at the time of the EEOC filing; whether the interests of an unnamed party are similar to interests of the named party; the

prejudice to the unnamed party; and whether the unnamed party has represented to the plaintiff that its relationship with the plaintiff is through the named party." *Id.* (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977)).

*Miranda*, 922 F. Supp.2d at 221.

## III.   DISCUSSION

The Court holds that there are genuine issues of fact that warrant discovery and, as such, preclude granting defendant's motion to dismiss for plaintiff's alleged failure to exhaust administrative remedies. As summarized above, a dismissal under Fed. R. Civ. P. 12(b)(6) based on an affirmative defense is warranted only when the defense is clearly ascertainable from the complaint and any documents incorporated therein, which is not the case in the matter at hand. Here, even though plaintiff named Synovos, Inc., in the header of the EEOC charge and Synovos Puerto Rico, LLC, in the charge's narrative, the following issues of fact remain:

(i)      Whether Synovos, Inc., is an entity which, as defendant sustains, is a separate and distinct one from Synovos Puerto Rico, LLC, or if on the contrary, they share a substantial identity and are "so closely related, particularly for purposes of EEOC complaints, that notice to one will reach the other and no prejudice will result from naming one party but not the other." *Nieves*, 2013 WL 361163, at *2. In that respect, there is an issue of fact as to which of the two entities was Ramos' employer or if both entities could be deemed to have been his employer, and if so, whether both are necessary parties in this case.

(ii)     Whether Synovos, Inc., and/or Synovos P.R. LLC., opportunely received the Notice of

Charge of Discrimination and later the Notice of Right to Sue regarding Ramos' EEOC

charge, particularly in light of defendant's allegation that the EEOC notified Ramos'

charge solely at the e-mail of a former employee of Synovos Inc., Ms. Nancy Mazzone,

who allegedly was no longer with said company at the time when the EEOC issued

the notification.

(iii)    Whether Synovos Puerto Rico LLC and/or Synovos Inc, participated in the

administrative proceedings before the EEOC in this case.

## IV.    CONCLUSION

Defendant's motion to dismiss, **ECF No. 9,** is hereby **DENIED WITHOUT PREJUDICE**.

Should discovery establish that plaintiff failed to exhaust administrative remedies, defendant

may opportunely move for summary judgment in that respect pursuant to Fed. R. Civ. P. 56.

**The parties have twenty-one (21) days from the date of issuance of this Order to submit

a Joint Proposed Initial Scheduling Memorandum,** which must include the parties' theories of

the case. The parties should also list the witnesses that they intend to call at trial, including any

expert witnesses, or, alternatively, propose a date for such lists of witnesses to be exchanged.

The Memorandum and Schedule must also include proposed times in which to do, *inter alia*, the

following:

- conclude all discovery;

- file dispositive motions;

- hold status, settlement and pre-trial conferences;

- amend or add parties; and

- recommend dates in which to hold trial.

**Finally, within the above term, the parties shall inform the Court whether they consent to the trial jurisdiction of a United States Magistrate Judge.**

Failure to comply with this Order may result in sanctions. Extensions of time shall not be granted absent exigent circumstances.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of September, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**